**BEST ASPHALT PAVING COMPANY,**
**Appellant,**

v.

**Jim EASDON et ux., Appellees.**

**No. 5860.**

Court of Civil Appeals of Texas, Waco.

Sept. 21, 1978.

James E. Ferguson, Cleburne, for appellant.

Robert M. Mahanay, Mahanay & Higgins, Cleburne, for appellees.

OPINION

JAMES, Justice.

This is a suit on an oral contract to build a road. Plaintiff-Appellant Best Asphalt Paving Company brought this suit against Defendant-Appellees Coastal Bend Dairy Queen, Inc. and Jim Easdon, et ux., Charlie Dell Easdon for damages for violation of an alleged oral contract wherein Best Asphalt agreed to build a road across land owned by Appellees.

Trial was had to a jury to whom was submitted two special issues, Number 1 of which was worded as follows:

"Do you find from a preponderance of the evidence that Best Asphalt Paving Company was not compensated for the dirt and rock work performed for the Defendant Jim Easdon?" To this the jury answered "We do not."

Issue Number 2 was a damage issue which was conditioned upon an affirmative answer to Issue Number 1, and was therefore not answered, since the jury answered Issue Number 1 in the negative.

Pursuant to and in harmony with the jury verdict, the trial court entered judgment that Plaintiff Best Asphalt take nothing against the Defendants, from which judgment Best Asphalt appeals. We affirm.

Appellant Best Asphalt asserts error in the failure of the trial court to admit into evidence certain checks and invoices which were submitted by Plaintiff in support of its costs involved in building the road for Defendants; that the evidence is both legally and factually insufficient to support the jury's answer to Special Issue Number 1, and that the trial court erred in the manner in which it submitted Special Issue Number 1. We overrule all of the Appellant's points and contentions, and affirm the trial court's judgment.

We revert to Appellant's first point. Appellant offered in evidence a group of checks and invoices denominated as Plain-

tiff's Exhibit Number 13, for the stated purpose of proving up Appellant Best Asphalt's performance under the alleged contract and its cost for the work performed. Upon Appellees' objection to the admissibility of these matters, the trial court excused the jury; whereupon Appellant presented the proffered checks and invoices to Lindsey Upshaw, one of the corporate officers of Appellant, outside the presence and hearing of the jury. The statement of facts reveals that Appellant offered in evidence thirteen checks, ten of which were payable respectively to individual corporate officers and employees of Best Asphalt principally for salaries and wages, one check to the First National Bank, testified to be for "corporate shares, withholding and Social Security," one check to Higginbothams for the purchase of wooden grade stakes, and the remaining check to a payee not disclosed by the record for "Rocks." None of these checks and invoices are in the record before us. There is testimony to the effect that during these times material to this controversy, Best Asphalt only had one road construction job in progress, and that was "the Easdon job" (for Appellees); however, there is some evidence that during these times material to this controversy, Best Asphalt was in the process of constructing an asphalt plant.

The trial court excluded the proffered checks and invoices from evidence. There was testimony to the effect that these salaries would have gone on regardless of whether the Easdon job had been in existence or not, and the check to the First National Bank for $935.00 shown to be for "corporate shares, withholding and Social Security" was manifestly not directly tied into or related to the work performed for Appellees. In view of the fact that from the record before us, most of the proffered checks and invoices appear to be mere corporate expense items not shown to be directly related to the Easdon job, coupled with the fact that said checks and invoices are not before us for examination and evaluation, we cannot say that the trial court erred in excluding these checks and invoices in question. Appellant's first point of error is respectfully overruled.

█ Appellant asserts there is no evidence to support the jury's answer to Special Issue Number 1. It was Plaintiff-Appellant's burden to secure an affirmative answer to this issue, and the jury answered same in the negative. Therefore, Plaintiff-Appellant insofar as his "no evidence" point is concerned, is in the position of contending that the evidence conclusively establishes that Best Asphalt had not been paid for the dirt and rock work. The record does not so establish.

Alternatively, Appellant asserts that the jury's failure to find that Best Asphalt had not been paid is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust, under the doctrine announced in *In re King's Estate* (1951) 150 Tex. 662, 244 S.W.2d 660. We do not agree with either of these contentions.

█ The 120.98 acre tract of land in question was owned by Appellee Coastal Bend Dairy Queen, Inc., of which corporation Appellee Jim Easdon was president. Appellant's contention is that Best Asphalt agreed to do the necessary dirt and rock work, and build a paved road across a designated area of Appellees' land for $2.50 per square yard, which would amount to some $19,500.00 for building the road. However, Appellee Jim Easdon's version of the oral agreement differed from Appellant's version. Easdon testified that he made the deal with James Pack, who was at that time an employee of Best Asphalt. Easdon said Pack told him that "they" (meaning Best Asphalt) were in the process of trying to put together a plant in Cleburne to make asphalt, and they were going to get into the road building business. Easdon said when he discussed the matter of building the road, Pack told him, "We'll take any of it or all of it," that the dirt work Easdon desired would not cost Easdon over a thousand dollars, and that it would not take more than three days to do such dirt work.

It is undisputed that after Appellant did the dirt and rock work, that Appellant performed no more work on the road. The

evidence is conflicting as to why Appellant's work ceased. There is evidence that Appellant's men told Easdon that their (Appellant's) equipment was too light, and they would have to wait to get heavier equipment before continuing. There is evidence that after the dirt and rock work was completed, that Easdon told Appellant's men that he wanted to wait for a rain in order to settle the base material on the road before going ahead with the paving. At any rate, after the dirt and rock work was completed, Appellant did no more work. Roy Pack and his son James Pack had been associated with N. P. Upshaw and his two sons, Lindsey and Mark, in the Best Asphalt Corporation. After the dirt and rock work was completed on the Easdon road, the Packs and the Upshaws had a falling out or disagreement which resulted in the two Packs leaving Best Asphalt. Easdon testified in effect that James Pack was the only man in Best Asphalt that possessed enough experience and know-how in road building to do a road-building job properly. After James Pack left Best Asphalt, Easdon made a deal with James Pack individually to complete the paved road.

During the time when Best Asphalt was performing the dirt and rock work, Easdon was presented at separate times three bills or invoices for work performed, one for $553.75, one for $4920.97, and one for $292.50. At each of these three times, Easdon paid the bills presented to him, which is undisputed; and Easdon testified that on each such occasion he was assured that he had paid Best Asphalt all he owed them up to the time of such respective payments. In other words, according to Easdon's testimony, the agreement was that he could quit Best Asphalt at any time by paying them for what work they had done; that he had paid them a total of $5767.22 for what Best Asphalt had done, and that he did not owe them any more money. It is undisputed that Appellant Best Asphalt performed no more work for Appellees after the last such payment Easdon made, hereinabove referred to.

As stated before, by the only special issue answered by the jury, the jury failed to find that Best Asphalt had not been paid for the dirt and rock work performed for Easdon. There was conflicting evidence bearing upon this issue. The jury as the trier of fact was entitled to resolve this conflicting evidence. We cannot say that the jury's negative answer to this special issue is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

■ Lastly, Appellant complains of the manner in which the trial court submitted Special Issue Number 1. There is no showing in the record that Appellant made any timely objection to the manner in which Special Issue Number 1 was submitted; neither did Appellant request the submission in writing of an issue worded in the manner Appellant deemed to be proper. This is a matter upon which Appellant had the burden of proof. By its failure to request a differently worded issue in writing, and failure to object to Special Issue Number 1 as submitted, Appellant has thereby waived any objection it may now have in this regard. Rule 279, Texas Rules of Civil Procedure.

All of Appellant's points and contentions are overruled. Judgment of the trial court is affirmed.

AFFIRMED.